# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CANAL INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0526-WS-B |
| | ) |
| ROBERTA D. DUEITT, etc., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of non-party Livingston Construction Company, Inc. ("Livingston") to intervene. (Doc. 12). The plaintiff ("Canal") has filed a response and Livingston a reply, (Docs. 14, 15), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be denied.[1]

## BACKGROUND

Richard Dueitt died when he fell from a second-floor balcony in an apartment building under construction in Mobile County. His widow ("Roberta"), as administratrix, sued Buena Vista Construction, LLC ("Buena Vista"), Livingston and others in state court for wrongful death. Buena Vista was a subcontractor to Livingston on the apartment project. Livingston has filed a crossclaim for indemnity against Buena Vista in the wrongful death lawsuit.

---

[1] Livingston's request for an oral hearing, (Doc. 18), construed as a motion, is **denied**. *See* Local Rule 7.3.

[1]

Canal insured Buena Vista. It brought this declaratory judgment action seeking a declaration that it is not obligated to defend or indemnify Buena Vista "or any other party" with respect to the Dueitt lawsuit. (Doc. 8 at 14). Canal named Roberta and Buena Vista as defendants; it did not join Livingston as a defendant.

## DISCUSSION

Livingston seeks to intervene both as of right under Rule 24(a) and by permission under Rule 24(b). The Court considers the requests in turn.

**I. Intervention as of Right.**

Intervention under Rule 24(a) requires that Livingston have a "legally protectable interest" in the subject matter of the declaratory judgment action. *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). A legally protectable interest is "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Id.* (emphasis in original, internal quotes omitted). An injured party has no legally protected interest in an insurance policy to which it is not a party; its economic interest in having proceeds from a tortfeasor's insurance policy available to satisfy any judgment does not satisfy this standard. *Id.*

Livingston argues that *Mt. Hawley* applies only to Florida cases and that Alabama's direct action statute gives it a legally protectable interest. (Doc. 15 at 5). *Mt. Hawley* does not announce that it is so limited, and several Alabama district courts have applied that decision, without suggesting that a direct action statute renders it inapplicable.[2] Moreover, Florida has a direct action statute that parallels Alabama's,[3] so

---

[2] *White-Spunner Construction, Inc. v. Zurich American Insurance Co.*, 2010 WL 3489956 at *4 (S.D. Ala. 2010); *Cotton States Mutual Insurance Co. v. Sellars*, 2008 WL 1698353 at *1 (M.D. Ala. 2008).

[3] *Compare* Fla. Stat. § 627.4136 *with* Ala. Code § 27-23-2.

it does not appear that the Eleventh Circuit considers a direct action statute to provide an injured party a legally protectable interest. Finally, an interest in insurance proceeds that is contingent on success in an underlying lawsuit does not constitute a legally protectable interest, *Mt. Hawley*, 425 F.3d at 1311 & n.6, and Livingston concedes that its right to pursue a direct action against Canal "is still contingent upon Livingston prevailing on a subsequent claim against Buena Vista." (Doc. 15 at 5). Livingston cites no authority supporting the proposition that it holds a legally protectable interest in the policy or its proceeds,[4] and the Court rejects its position as legally unfounded.[5]

Livingston next shifts gears, asserting it has a legally protectable interest because it has incurred legal fees in pursuing its motion to intervene. (Doc. 15 at 4). This would be a nice trick if it worked – the very act of moving to intervene would create circumstances requiring that intervention be granted. A relevant legally protectable interest, however, must be one "in the subject matter of the suit." *Mt. Hawley*, 425 F.3d at 1311 (internal quotes omitted); *accord* Fed. R. Civ. P. 24(a)(2)(intervention is limited to those "claim[ing] an interest relating to the property or transaction that is the subject of the action"). The subject of this action is Buena Vista's insurance policy, not Livingston's attorney's fees.

## II. Permissive Intervention.

The two essential elements for permissive intervention under Rule 24(b) are: "(1) the application to intervene was timely; and (2) the intervenor's claim or defense and the

---

[4] Instead, Livingston relies on a pre-*Mt. Hawley* district court opinion from Florida and two cases from outside the Eleventh Circuit. (Doc. 15 at 5-6). It is clear that such authorities cannot supplant the binding opinion in *Mt. Hawley*.

[5] Livingston notes that Canal named Roberta as a defendant even though her right to insurance proceeds is equally contingent on success in the underlying lawsuit and complains that Canal "should not be permitted to pick and choose" who will be a party to this action. (Doc. 15 at 7). The success of Livingston's motion, however, depends on its satisfaction of Rule 24, not on its vague feelings of unfairness.

[3]

main action have a question of law or fact in common." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

"In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002). "The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene." *McDonald v. E. J. Lavino Co.*, 430 F.3d 1065, 1073 (5th Cir. 1970); *accord Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds, Dillard v. Chilton County Commission*, 495 F.3d 1324 (11th Cir. 2007). The only prejudice that matters is that occasioned by the intervenor's delay in seeking intervention; delay to the trial or ultimate resolution of the case is irrelevant to timeliness. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977); *Meek*, 985 F.2d at 1479.

Livingston's motion was filed six weeks after the complaint was filed, and Canal does not suggest that it has been prejudiced by Livingston's alacritous motion. The Court easily finds the motion to intervene to be timely.

Canal in its amended complaint argues that coverage is precluded by two specific exclusions. (Doc. 8 at 14). One of these is the "independent contractor" exclusion, pursuant to which coverage is excluded for bodily injury "arising out of … [t]he operations of any independent contractor for or on behalf of any insured." (*Id*. at 5-6).

[4]

Thus, a key question in this action will be whether a particular individual[6] was an agent or employee of Buena Vista, on the one hand, or an independent contractor on the other. Canal argues that this is not an issue in the underlying lawsuit, (Doc. 14 at 7), but its unexplained position appears plainly wrong. "Generally, one is liable for the actions of an agent, but is not liable for the actions of an independent contractor." *Lifestar Response, Inc. v. Admiral Insurance Co.*, 17 So. 3d 200, 213 (Ala. 2009). Thus, a key question in the underlying action, apparently necessary for Roberta to establish Buena Vista's liability, will be whether the individual was Buena Vista's employee or an independent contractor.

Canal enlists *Mt. Hawley* for the proposition that coverage issues are never common with fault issues. (Doc. 14 at 7). In *Mt. Hawley*, the only issue presented in the declaratory judgment action was whether the insured's "refusal to notify Mt. Hawley of the wrongful death action and refusal to cooperate in their defense against the wrongful death action had so prejudiced Mt. Hawley that coverage under the Mt. Hawley policy had been waived." 425 F.3d at 1310. The insured's conduct vis-à-vis its insurer after the accident plainly had no common question of law or fact with the insured's conduct vis-à-vis the injured party at the time of the accident. In explaining its reason for rejecting permissive intervention, the Eleventh Circuit explicitly stated that the "*lack of cooperation that Mt. Hawley asserts* in the declaratory judgment action *is irrelevant to the issue of fault* in the wrongful death action," *id*. at 1312 (emphasis added); it emphatically did *not* say that coverage issues are never common to liability issues even when they are. Canal has cited, and the Court has discovered, no case construing *Mt. Hawley* in such a tortured fashion, and the Court declines to be the first. *See also Reed v. Barnett*, 2010 WL 5239249 at *2 (S.D. Ala. 2010) (explaining *Mt. Hawley* as holding

---

[6] His identity is provided by Livingston, (Doc. 15 at 11), but is not relevant here.

that, "*when* the grounds for denying coverage are irrelevant to the issues in the underlying action, there is no common question of law or fact") (emphasis added).

Livingston asserts that there need only be a common question of law or fact "between the two actions at issue." (Doc. 15 at 10). Were that the test, the discussion above would resolve this element of permissive intervention in Livingston's favor. But it is not. As noted above, it is "*the intervenor's claim or defense* and the main action [that must] have a question of law or fact in common." *Purcell* , 85 F.3d at 1513 (emphasis added); *accord* Fed. R. Civ. P. 24(b)(1)(B) ("[T]he court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."). Whether the individual was Buena Vista's employee or an independent contractor certainly affects Buena Vista's liability to Roberta, but Livingston has not attempted to show that his status is a question relevant to whether Livingston is liable to Roberta or to whether Buena Vista owes Livingston indemnity.[7] On this record, the Court must conclude that the independent contractor issue is irrelevant to Livingston's claim or defense and thus inadequate as a matter of law to support permissive intervention.

Canal's amended complaint also invokes a "classification limitation" that apparently excludes coverage for losses resulting from all but certain types of work. (Doc. 8 at 11-12). Livingston reasonably asserts that a key question in this action will be "to determine the nature of the work which was actually performed by Buena Vista." (Doc. 15 at 10). It continues that the same question is presented in the underlying action, because "exactly what work was done by Buena Vista is integral to determining whether Buena Vista was at fault." (*Id*. at 11). This latter proposition is not intuitively obvious, since Buena Vista would presumably be equally negligent (or not) regardless of whether

---

[7] On the contrary, Livingston asserts that "the employment status of the person who performed the work could affect *Buena Vista's* potential liability, if any." (Doc. 15 at 10 (emphasis added)).

[6]

it was engaged in hanging sheetrock, framing, or some other construction activity. At any rate, Livingston has again failed to demonstrate that the characterization of the work in which Buena Vista was engaged is a question embedded in Livingston's defense to Roberta's claim or in its indemnity crossclaim against Buena Vista. Again, Livingston expressly limits the relevance of the issue in the underlying lawsuit to "determining whether Buena Vista was at fault." (*Id.*). The Court thus must conclude that the classification limitation issue is irrelevant to Livingston's claim or defense. It therefore cannot justify permissive intervention.

## CONCLUSION

For the reasons set forth above, Livingston's motion to intervene is **denied**.[8]

DONE and ORDERED this 31st day of January, 2011.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[8] The other relief Livingston seeks, (Doc. 12 at 4), depends on its successful intervention. Since intervention is denied, no other relief can be granted.